# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                     **Case No. 05-CR-95**

**DONALD CHAMBERS**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Donald Chambers pleaded guilty to drug distribution and money laundering offenses, and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing. The PSR set defendant's offense level at 34 on the drug count, base level 36, U.S.S.G. § 2D1.1(c)(2), minus 2 under the safety valve provision, § 2D1.1(b)(11), and 36 on the money laundering count, base level 34, U.S.S.G. § 2S1.1(a)(1), plus 2 based on defendant's conviction under 18 U.S.C. § 1956, § 2S1.1(b)(2)(B), grouped the two counts under U.S.S.G. § 3D1.2, then subtracted 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1 for a final level of 33. Coupled with his criminal history category of I, the PSR recommended a guideline imprisonment range of 135-168 months.

Neither side objected to the PSR's guideline calculations, but the government moved for a downward departure under U.S.S.G. § 5K1.1. I granted the government's motion, reducing the range by 8 levels, then imposed a sentence of 48 months under all of the factors set forth in 18 U.S.C. § 3553(a). Written reasons for the sentence follow. See 18 U.S.C. § 3553(c).

## I. SENTENCING PROCEDURE

In imposing sentence, I follow a three-step procedure. First, I determine the advisory sentencing guideline range, resolving any factual disputes necessary to that determination. Second, I decide whether to grant any departures pursuant to the Sentencing Commission's policy statements. Finally, I select a sentence that is sufficient but not greater than necessary given all of the factors set forth in 18 U.S.C. § 3553(a). United States v. Jimenez-DeGarcia, 481 F. Supp. 2d 946, 950 (E.D. Wis.), aff'd, 2007 WL 4226369 (7th Cir. Nov. 30, 2007), cert. denied, 2008 WL 424043 (U.S. Feb. 19, 2008); see also Rita v. United States, 127 S. Ct. 2456, 2465 (2007) (stating that the sentencing judge will normally begin by considering the PSR and the guidelines, then hear arguments for departures under the Commission's policy statements and/or a non-guideline sentence based on § 3553(a)). As indicated above, neither side objected to the PSR's guideline calculations, which I found correct and accordingly adopted.

## II. DEPARTURE MOTION

### A. Relevant Factors

In ruling on a substantial assistance motion, I consider:

(1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

2

I give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within my discretion. In attempting to quantify the departure, I typically use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. United States v. Matthews, 463 F. Supp. 2d 916, 918 (E.D. Wis. 2006).

**B.	Analysis**

Defendant debriefed several times after his arrest in March 2005, providing information about his supplier, Mario Chavez, and a number of his customers, including Donte Jordan, his main – and in recent years, only – direct customer. Defendant provided detailed information on Chavez, who also supplied cocaine to others. Defendant then engaged active cooperation against Chavez, making recorded calls, arranging a three kilogram purchase, then traveling to the site of the deal wearing a wire. Agents arrested Chavez and seized the three kilograms of cocaine. Chavez pleaded guilty but challenged drug weight at his sentencing. Based on defendant's testimony, the court found Chavez responsible for more than fifty kilograms of cocaine. The government indicated that prior to defendant's cooperation, law enforcement was unaware of Chavez. Finally, defendant provided information about a Milwaukee-area jeweler who regularly accepted large cash payments from drug dealers without completing required currency transaction reports. The government anticipated charging the jeweler based in large part on defendant's information.

Based on this cooperation, I found that defendant's assistance was significant and useful in obtaining the conviction and lengthy sentence for Chavez, as well as the likely charging of the jeweler, both of whom came to the government's attention due to defendant's

3

cooperation. Therefore, I awarded 2 levels under the first § 5K1.1 factor. The government indicated that defendant was truthful and reliable; he did not withhold anything and his information was ultimately corroborated by independent sources, including bank records. Further, the transaction with Chavez went down just as defendant indicated it would based on their earlier dealings. Therefore, I awarded 2 levels under the second § 5K1.1 factor. I also awarded 2 levels under the third factor because defendant not only provided information, he also engaged in active cooperation, making calls, arranging a deal and wearing a wire, and testifying at Chavez's sentencing. I awarded a 1 level reduction under the fourth factor based on the significant risk to defendant's safety during the controlled buy with Chavez. Agents lost surveillance of defendant for a time during the operation, and defendant found himself alone in Chavez's enclosed garage. Finally, I awarded 1 level under the fifth factor, as defendant agreed to cooperate shortly after his arrest. The government indicated that the active cooperation he engaged in against Chavez likely would not have been possible had he waited. Therefore, I granted a total reduction of 8 levels, making the revised range 57-71 months.

### III.  IMPOSITION OF SENTENCE

**A.     Section 3553(a) Factors**

In imposing the ultimate sentence, the district court must consider all of the factors set forth in 18 U.S.C. § 3553(a). United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008). Those factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law,

>> and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. In determining a sufficient sentence, the district court may not presume that the guideline sentence is the correct one. Rita, 127 S. Ct. at 2465; United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007). Rather, after accurately calculating the advisory range so that it "can derive whatever insight the guidelines have to offer, [the district court] must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Finally, although the district court may not rely on the § 3553(a) factors to impose sentence below the term otherwise required by statute, see, e.g., United States v. Duncan, 479 F.3d 924, 930 (7th Cir.), cert. denied, 128 S. Ct. 189 (2007), because defendant qualified for

5

the safety valve in this case, I imposed sentence under Booker's advisory guideline regime and "without regard to [the] statutory minimum sentence." 18 U.S.C. § 3553(f); see also United States v. Cardenas-Juarez, 469 F.3d 1331, 1334 (9th Cir. 2006) (holding that when the safety valve applies, the district court imposes sentence under the now-advisory guidelines); United States v. Duran, 383 F. Supp. 2d 1345, 1346 (D. Utah 2005) ("Accordingly, to avoid a constitutional defect in the safety valve provision, the Guidelines must be deemed as advisory when the court proceeds under this provision."); United States v. Cherry, 366 F. Supp. 2d 372, 376 (E.D. Va. 2005) (holding that "the guideline range determined under 18 U.S.C. § 3553(f) should be advisory only, and considered along with the other factors of § 3553(a)").

**B.   Analysis**

    **1.   Nature of Offense**

Defendant supplied between 50 and 150 kilograms of cocaine to lower level distributors in the Milwaukee area over the course of nearly a decade. He used the proceeds of drug distribution, which were substantial, to buy properties, which he renovated, then rented or sold, as well as cars and a boat. He pleaded guilty to money laundering arising out of one of the financial transactions involving drug proceeds. Defendant's crime was very serious, given the large amounts involved and the length of time in which defendant was involved in dealing. There was no evidence of violence or weapon possession, however, so the offense was not aggravated in that sense.

    **2.   Character of Defendant**

In comparison to the serious nature of the crimes, defendant's character was quite positive. Thirty-three years old, married for thirteen years and the father of three, defendant

6

was by all accounts an excellent husband and father. I received letters from his wife, father-in-law, a family friend and a real estate associate attesting to his positive character traits. He had no prior record whatsoever, as an adult or juvenile.

An intelligent and talented man, defendant obviously could have put his talents to better use. There seemed to be no better explanation for the crime than want for material things – for himself and his family. The record contained no evidence of substance abuse issues, which sometimes lead people to become involved in distribution to feed their habits.

Defendant endured a difficult childhood. His mother was a drug addict, who spent time in prison; his father was never really around either, and defendant was raised primarily by his grandparents and an aunt. Despite those beginnings, defendant became a solid family man himself. His family did intend to stand by him, which would assist in his re-integration into the community. As discussed, defendant cooperated with the government, which I believed in his case to be a sign of positive character development. He committed no violations of his conditions of release during three years of pre-trial supervision.

### 3. Purposes of Sentencing and Consideration of Guidelines

Given his lack of record, family ties and other pro-social qualities, I saw no evidence that defendant was dangerous. Given his sincere expression of remorse and cooperation, I also concluded that he did not present a significant risk of re-offending. See 18 U.S.C. § 3553(a)(2)(C). Nor did I find a lengthy prison term necessary to deter defendant from re-offending, as he had never been to prison before. See 18 U.S.C. § 3553(a)(2)(B); see also United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to

re-offend.").

I did see a need for a substantial period of confinement to provide just punishment, given the amount of cocaine involved and the length of time over which the offense occurred, see § 3553(a)(2)(A), and to deter others, see § 3553(a)(2)(B). I noted in mitigation, however, that defendant was forced to forfeit numerous properties as part of his sentence. Although originally purchased with dirty money, defendant nevertheless lost much "sweat equity" due to the forfeitures of these houses, which added to the overall punitiveness of the sentence. One of the properties forfeited was the family home in Menominee Falls, Wisconsin. Aside from perhaps getting his GED, defendant had no rehabilitative needs. See 18 U.S.C. § 3553(a)(2)(D).

The guidelines called for a term of 57-71 months after the departure. Under all of the circumstances, I found a sentence somewhat below that range sufficient but not greater than necessary. As indicated, the specific deterrent and protection of the public purposes of sentencing did not require lengthy prison in this case. Further, because there was no indication of violence and because defendant suffered a significant financial penalty (which also seriously affected defendant's family), a sentence below the range still provided just punishment. Finally, I wanted the sentence to recognize the positives in defendant's character mentioned above. Too many defendants come through this court with lots of children and no apparent concern for them; this defendant was different, and I acknowledged that positive aspect of his character in the sentence.

## IV. CONCLUSION

Under all of the circumstances, I found a sentence of 48 months sufficient but not greater than necessary under § 3553(a). This sentence varied modestly from the guidelines

8

after the § 5K1.1 departure and was based on the particular facts of the case, as set forth herein, so it did not create unwarranted disparity.  See 18 U.S.C. § 3553(a)(6).  Therefore, I committed defendant to the custody of the Bureau of Prisons for 48 months on each count to run concurrently, followed by three years of supervised release, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge